United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 29, 2007**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

_____

m 06-50448
Summary Calendar

_____

CYNTHIA DENTON,

Plaintiff-Appellant,

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
m 1:04-CV-726

_____

Before SMITH, WIENER, and OWEN,
    Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under the
limited circumstances set forth in 5TH CIR. R.

The Commissioner of Social Security
denied Cynthia Denton's claim for disability in-
surance benefits. Because that decision is sup-
ported by substantial evidence and is in
accordance with law, we affirm.

I.

_____

47.5.4.

Denton filed an application for disability insurance benefits in 2003, alleging numerous disabilities.[1] The Commissioner denied her application.

An administrative law judge ("ALJ") heard evidence from Denton, a medical expert, and a vocational expert. He considered Denton's medical record and determined she was not disabled. When the Appeals Council denied Denton's request for review, the ALJ's decision became the Commissioner's final decision for judicial review. Denton sued, and the matter was referred by consent to a magistrate judge, who, acting as the district court, upheld the ALJ.

II.

We review the Commissioner's decision to deny social security benefits only to determine whether the final decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Denton urges that the ALJ's determination is not supported by substantial evidence and that the ALJ applied improper legal standards.

Denton argues that the ALJ's determination that Denton could perform work as an office helper, a mail clerk, and an assembler of small products is not supported by substantial evidence. Light work requires a good deal of walking and standing, but Denton asserts she cannot perform such work, because her knee

pain precludes her from walking and standing. To buttress her argument, she contends that the district court found that the light work she could perform was limited by her inability to walk and stand. Denton states that "the only job the Court below found that would actually not be precluded would be that of a small parts assembler that would allow sitting through most of the work day."

The record contains substantial evidence that Denton can walk, supporting the ALJ's determination that she could perform work as an office helper, a mail clerk, and an assembler of small products. Dr. Barbara Felkins testified as a medical expert before the ALJ and opined, based on Denton's medical historySSincluding the various "orthopedic type complaints"SSthat Denton could perform light work. Felkins's testimony provides substantial evidence for the ALJ's conclusion that Denton could walk or stand for six hours in an eight hour day. Furthermore, the ALJ noted that Denton's medical records did not evince significant problems walking, as demonstrated by the fact that she was never prescribed a cane despite her claim that she cannot walk because of imbalance.[2]

The district court's opinion does not contradict this conclusion. The memorandum opinion and order states that small parts assembly is *one example* of work that Denton

___

[1] The district court's opinion extensively details Denton's medical history and alleged limitations. Among other ailments, Denton states she suffered from knee pain, earaches, migraines, and a bipolar disorder.

[2] Under the assumption that the only job Denton can perform is a small parts assembler, she posits that the Commissioner did not prove there are jobs in the national economy in significant numbers that she is able to perform. Because substantial evidence supported the ALJ's conclusion that she could perform multiple jobs and not just the job of a small parts assembler, Denton's argument is inapposite.

could perform, but the opinion does not say this is the only work she could perform.[3]

Denton complains that the ALJ committed legal error by not addressing whether she could sustain a job over time. Because her illnesses incapacitate her at various times, she urges, she could not keep a job even if she obtained one.

Contrary to Denton's position, the ALJ did address her ability to sustain employment, thus applying the correct legal standard. The ALJ specifically found that Denton "could sustain the physical demands of light work," and the ALJ noted that there was no evidence to establish that Denton "would be absent over two days a month or experience difficulties which would further interfere with full-time work."

These conclusions reflect consideration of whether Denton could sustain employment.

Denton protests that the ALJ did not properly evaluate the limitations imposed by her mental illness in assessing her residual functional capacity. Yet, the ALJ found that Denton does not have debilitating mental health impairment. Her impairments are only mild and were corrected through medication. The ALJ did not need to assess the limitations caused by Denton's alleged mental health impairment because the ALJ found no such impairment existed.[4]

Finally, Denton states that the ALJ failed to evaluate the credibility of Denton's testimony to the ALJ in light of other evidence. A review of the ALJ's determination reveals Denton's position is meritless. The ALJ applied the proper legal standard, noting that he must consider "the extent to which [symptoms, including pain,] can reasonably be accepted as consistent with objective medical evidence . . . ." The ALJ also considered the credibility of Denton's testimony using "an evaluation of the intensity, persistence, and limiting effects of that pain . . . ." The ALJ

---

[3] The opinion states:

Specifically, Plaintiff alleges that the ALJ failed to take her knee pain into account. However, the ALJ found that Plaintiff suffered from severe knee pain within the meaning of the regulations. The court notes that the ALJ found that Plaintiff would be able to perform a significant range of light work, not all light work. The regulations state that light work would include those jobs that require "a good deal of walking or standing." However, *by way of example*, the ALJ found that Plaintiff would be capable of performing the job of small parts assembler. Sparks, the vocational expert, testified that the [sic] half of the assembler jobs in Texas would require mostly sitting. As such, the ALJ's finding that Plaintiff could perform a significant range of light work is supported by substantial evidence and Plaintiff's argument fails.

(Emphasis added; internal citations omitted.)

[4] *See* 20 C.F.R. § 416.945:

Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is the most you can still do despite your limitations. We will assess your residual functional capacity based on all the relevant evidence in your case record.

This regulation demands an assessment of residual functions only if the ALJ finds a limitation. Without a limitation, there is no assessment.

3

applied the proper legal standard to evaluate Denton's testimony.

AFFIRMED.